# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | ROBERT W. GETTLEMAN | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 08 C 0571 | **DATE** | 2/5/2008 |
| **CASE TITLE** | Develle Spencer, et al. v. Sheriff Thomas Dart, et al. | | |

**DOCKET ENTRY TEXT:**

Plaintiff Develle Spencer's motion for leave to proceed *in forma pauperis* [#3] is granted. The court authorizes Cook County Jail officials to deduct $9.50 from the plaintiff's account, and to continue making monthly deductions in accordance with this order. The clerk shall send a copy of this order to Elizabeth Hudson, Supervisor of Inmate Trust Fund Accounts, Cook County Dept. of Corrections Administrative Office, Division V, 2700 S. California, Chicago, IL 60608. However, summonses shall not issue at this time. The complaint on file is dismissed without prejudice. Dawayne Tolliver is dismissed as a co-plaintiff; dismissal is without prejudice to Mr. Tolliver filing his own, separate lawsuit. Tolliver's motion for leave to proceed in forma pauperis [#4] is denied as moot. Plaintiff Spencer is granted thirty days to submit an amended complaint (plus a judge's copy and service copies). The clerk is directed to provide the plaintiff with an amended civil rights complaint form and instructions. Failure to submit an amended complaint within thirty days of the date of this order will result in summary dismissal of this case in its entirety.

■ [**For further details see text below.**]   Docketing to mail notices.

## STATEMENT

     The plaintiffs, two inmates in the custody of the Cook County Department of Corrections, have brought this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. The plaintiffs claim that the defendants, correctional officials and health care providers at the jail, have violated the plaintiffs' constitutional rights by acting with deliberate indifference to their serious medical needs.

     Plaintiff Develle Spencer's motion for leave to proceed *in forma pauperis* is granted. Pursuant to 28 U.S.C. § 1915(b)(1), the plaintiff is assessed an initial partial filing fee of $1.00. The supervisor of inmate trust accounts at the Cook County Jail is authorized and ordered to collect, when funds exist, the partial filing fee from the plaintiff's trust fund account and pay it directly to the clerk of court. After payment of the initial partial filing fee, the plaintiff's trust fund officer is directed to collect monthly payments from the plaintiff's trust fund account in an amount equal to 20% of the preceding month's income credited to the account. Monthly payments shall be forwarded to the clerk of court each time the amount in the account exceeds $10 until the full $350 filing fee is paid. All payments shall be sent to the Clerk, United States District Court, 219 S. Dearborn St., Chicago, Illinois 60604, attn: Cashier's Desk, 20th Floor, and shall clearly identify the plaintiff's name and the case number

**(CONTINUED)**

mjm

assigned to this action. The Cook County inmate trust account office shall notify transferee authorities of any outstanding balance in the event the plaintiff is transferred from the jail to another correctional facility.

However, the complaint is dismissed as to co-plaintiff Dawayne Tolliver. Although Mr. Tolliver submitted an application to proceed *in forma pauperis* and his name appears on the caption of the complaint, he has not signed the complaint, which is written mostly in first person and refers principally to Mr. Spencer's medical needs. There is only a vague and passing reference to the alleged denial of medical care as to "Dawayne Tolliver and other medical detainees," without any discussion of their specific medical problems.

The court discerns no reason for both inmates to proceed in one, joint lawsuit. The plaintiffs would not save any filing fees: in prisoner cases involving multiple plaintiffs, each prisoner is obligated to pay a full, separate statutory filing fee. *See Boriboune v. Berge*, 391 F.3d 852, 855-56 (7th Cir. 2004). Furthermore, each inmate would have different medical concerns and may be suing different individuals, depending on their involvement in the provision of medical care to the particular inmate in question.

In addition, practical considerations militate against joint litigation. Both inmates would be required to sign every document filed with the court, which will prove difficult if either inmate is transferred to another correctional facility. The Illinois prison system, for example, bars inmates from corresponding with one another. As neither the statute of limitations nor any other obstacle would appear to prevent Mr. Tolliver from initiating his own lawsuit, he is dismissed as a co-plaintiff in this lawsuit. Dismissal is without prejudice to re-filing a separate action.

For the foregoing reasons, Dawayne Tolliver is dismissed as a co-plaintiff in this case. Develle Spencer is granted thirty days in which to submit an amended complaint setting forth his own claims. The amended complaint should name as defendants those individuals who have directly and personally acted with deliberate indifference to Mr. Spencer's medical care, either by denying him access to medical care or by providing constitutionally defective care. The court questions whether such individuals as the Cook County Commissioner and the chief of the Bureau of Health Services could be held liable for any deficiencies in Mr. Spencer's medical care.

The plaintiff must write both the case number and the judge's name on the amended complaint, sign it, and return it to the Prisoner Correspondent. As with every document filed with the court, the plaintiff must provide an extra copy for the judge; he must also submit a service copy for each defendant named in the amended complaint.

The plaintiff is cautioned that an amended pleading supersedes the original complaint and must stand complete on its own. Therefore, all allegations against all defendants must be set forth in the amended complaint, without reference to the original complaint. Any exhibits the plaintiff may want the court to consider in its threshold review of the amended complaint must be attached, and each copy of the amended complaint must include complete copies of any and all exhibits.

The clerk will provide the plaintiff with an amended civil rights complaint form and instructions along with a copy of this order. If the plaintiff fails to comply with the directives in this order within thirty days, the case will