## United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | ROBERT W. GETTLEMAN | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 08 C 0571 | **DATE** | 3/6/2008 |
| **CASE TITLE** | Develle Spencer (#2006-0097519) v. Sheriff Thomas Dart, et al. | | |

**DOCKET ENTRY TEXT:**

The plaintiff may proceed on his amended complaint. The Clerk is directed to: (1) file the amended complaint; (2) terminate Todd Stroger, Mr. Fagu, and Thomas Snook as defendants pursuant to the amended complaint and Fed. R. Civ. P. 15(a); (3) terminate Thomas Dart and Mr. Simmon as defendants pursuant to 28 U.S.C. § 1915(e)(2)(B); (4) add Carlos Altez and Y. Yu as defendants; (5) issue summonses for service of the amended complaint on Altez and Yu; and (6) send the plaintiff a magistrate judge consent form and filing instructions along with a copy of this order. The plaintiff's motion for appointment of counsel [#5] is denied, without prejudice.

■ [**For further details see text below.**]   Docketing to mail notices.

### STATEMENT

The plaintiff, an inmate in the custody of the Cook County Department of Corrections, has brought this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. The plaintiff claims that the defendants, correctional officials and health care providers at the jail, have violated the plaintiff's constitutional rights by acting with deliberate indifference to his serious medical needs. More specifically, the plaintiff alleges that he has been denied proper treatment and accommodations for lower back and foot injuries. The plaintiff has submitted an amended complaint as directed. *See* Minute Order of February 5, 2008.

Under 28 U.S.C. § 1915A, the court is required to conduct a prompt initial review of prisoner complaints against governmental entities or employees. Here, accepting the plaintiff's factual allegations as true, the court finds that the amended complaint states a colorable cause of action under the Civil Rights Act against defendants Altez and Yu. The Due Process Clause prohibits deliberate indifference to the serious medical needs of a pretrial detainee. *Chapman v. Keltner*, 241 F. 3d 842, 845 (7th Cir. 2001); *Qian v. Kautz*, 168 F.3d 949, 955 (7th Cir. 1999). It should nevertheless be noted that inattention only to serious injury or signs of serious injury amounts to a constitutional violation. *See Henderson v. Sheahan*, 196 F.3d 839, 844 (7th Cir. 1999). Furthermore, neither medical malpractice nor a mere disagreement with a doctor's medical judgment amounts to deliberate **(CONTINUED)**

mjm

**STATEMENT (continued)**

indifference. *Greeno v. Daley*, 414 F.3d 645, 653 (7th Cir. 2005). Thus, while a more fully developed record may establish that the plaintiff is receiving constitutional adequate medical care, his treating physicians must respond to the allegations in the complaint.

However, the amended complaint is dismissed on preliminary review as to Sheriff Dart and Cermak Health Services Director Mr. Simmon. The plaintiff has not stated a cause of action against supervisory officials. The plaintiff has alleged no facts suggesting their direct, personal involvement, as required by *Gentry v. Duckworth*, 65 F.3d 555, 561 (7th Cir. 1995). Nor has the plaintiff indicated that the alleged violations of his constitutional rights occurred at supervisory officials' direction or with their knowledge and consent. *Id.* Section 1983 creates a cause of action based on personal liability and predicated upon fault; thus, "to be liable under § 1983, an individual defendant must have caused or participated in a constitutional deprivation." *Pepper v. Village of Oak Park*, 430 F.3d 809, 810 (7th Cir. 2005) (citations omitted).

The doctrine of *respondeat superior* (blanket supervisory liability) does not apply to actions filed under 42 U.S.C. § 1983. *See Sanville v. McCaughtry,* 266 F.3d 724, 740 (7th Cir. 2001). Section 1983 does not create collective or vicarious responsibility. *Id.* Supervisors cannot be held liable for the errors of their subordinates. *Birch v. Jones*, No. 02 C 2094, 2004 WL 2125416, at *6 (N.D. Ill. Sep. 22, 2004) (Manning, J.), *citing Pacelli v. DeVito*, 972 F.2d 871, 877 (7th Cir. 1992). To be held liable under 42 U.S.C. § 1983, supervisors "must know about the conduct and facilitate it, approve it, condone it, or turn a blind eye for fear of what they might see. They must in other words act either knowingly or with deliberate, reckless indifference." *Id.* Because the plaintiff has failed to state any facts suggesting that either Dart of Simmon is personally involved in–or even aware of–the alleged circumstances giving rise to the complaint, they are dismissed as defendants in this matter.

The clerk shall issue summonses for service of the complaint on defendants Altez and Yu only. The United States Marshals Service is appointed to serve Yu and Altez. Any service forms necessary for the plaintiff to complete will be sent by the Marshal as appropriate to serve the defendants with process. The U.S. Marshal is directed to make all reasonable efforts to serve the defendants. If either defendant can no longer be found at the work address provided by the plaintiff, the Cook County Department of Corrections and/or Cermak Health Services shall furnish the Marshal with the defendant's last-known address. The information shall be used only for purposes of effectuating service [or for proof of service, should a dispute arise] and any documentation of the address shall be retained only by the Marshal. Address information shall not be maintained in the court file, nor disclosed by the Marshal. The Marshal is authorized to mail a request for waiver of service to the defendants in the manner prescribed by Fed. R. Civ. P. 4(d)(2) before attempting personal service.

The plaintiff is instructed to file all future papers concerning this action with the clerk of court in care of the Prisoner Correspondent. The plaintiff must provide the court with the original plus a complete judge's copy, including any exhibits, of every document filed. In addition, the plaintiff must send an exact copy of any court filing to the defendants [or to defense counsel, once an attorney has entered an appearance on behalf of
**(CONTINUED)**

**STATEMENT (continued)**

the defendants]. Every document filed with the court must include a certificate of service stating to whom exact copies were mailed and the date of mailing. Any paper that is sent directly to the judge or that otherwise fails to comply with these instructions may be disregarded by the court or returned to the plaintiff.

Finally, the plaintiff's motion for appointment of counsel is denied at this time. Civil litigants do not have a constitutional or statutory right to counsel. *See Johnson v. Doughty*, 433 F.3d 1001, 1006 (7th Cir. 2006). Nevertheless, a district court may, in its discretion, "request an attorney to represent any person unable to afford counsel." *Gil v. Reed*, 381 F.3d 649, 656 (7th Cir. 2004), *citing* 28 U.S.C. § 1915(e)(1); *Luttrell v. Nickel*, 129 F.3d 933, 936 (7th Cir. 1997). In deciding whether to appoint counsel, the court must "first determine if the indigent has made reasonable efforts to retain counsel and was unsuccessful or that the indigent was effectively precluded from making such efforts." *Gil*, 381 F.3d at 656, *quoting Jackson v. County of McLean*, 953 F.2d 1070, 1072 (7th Cir. 1992). If so, the court must consider: (1) whether, given the degree of difficulty of the case, the plaintiff appears competent to try it himself; and (2) whether the assistance of counsel would provide a substantial benefit to the court or the parties, potentially affecting the outcome of the case. *Pruit v. Mote*, 503 F.3d 647, 654 (7th Cir. 2007); *Gil*, 381 F.3d at 656.

After considering the above factors, the court concludes that appointment of counsel is not warranted in this case at this time. Although the plaintiff has articulated colorable claims, his own allegations reflect a great deal of medical care, albeit not to his satisfaction. Furthermore, the plaintiff has alleged no physical or mental disability that might preclude him from adequately investigating the facts giving rise to his complaint. Neither the legal issues raised in the complaint nor the evidence that might support the plaintiff's claims are so complex or intricate that a trained attorney is necessary. The plaintiff, who has filed five lawsuits in this court this year alone, appears more than capable of presenting his case. It should additionally be noted that the court grants *pro se* litigants wide latitude in the handling of their lawsuits. Therefore, the plaintiff's motion for appointment of counsel is denied. The court may revisit the issue should the case survive a motion for summary judgment.