UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| DEVELLE SPENCER, | ) | |
| | ) | |
| Plaintiff, | ) | 07 C 571 |
| | ) | |
| vs. | ) | Honorable Judge |
| | ) | Robert W. Gettleman |
| THOMAS DART et. al, | ) | |
| | ) | |
| Defendants. | ) | |

**DEFENDANTS' MOTION TO STRIKE PLAINTIFF'S AMENDED COMPLAINT**

NOW COME Defendants, CARLOS ALTEZ and YAN YU by their attorney RICHARD A. DEVINE, State's Attorney of Cook County, through his Assistant State's Attorney Kevin Frey, and pursuant to Fed. R. Civ. P. 12(e)(f) moves this Honorable Court to strike Plaintiff's Amended Complaint or in the alternative for a more definite statement.

Plaintiff has filed a federal cause of action against defendants pursuant to 42 U.S.C. § 1983. Specifically, plaintiff alleges inadequate medical care and deliberate indifference against the defendants.

Title 42 U.S.C. § 1983 creates a federal cause of action for "the deprivation, under color of [state] law, of a citizen's rights, privileges, or immunities secured by the Constitution and laws of the United States." *Ledford v. Sullivan*, 105 F. 3d 354, 356 (quoting *Livadas v. Bradshaw*, 512 U.S. 107, 132, 129 L. Ed. 2d 93, 114 S. Ct. 2068 (1994)). Section 1983 is not itself a font for substantive rights; instead it acts as an instrument for vindicating federal rights conferred elsewhere. *Id.* 105 F.3d at 356 (citation omitted). The first step in any § 1983 analysis is to pinpoint the specific constitutional right which was allegedly violated. *Id.* (citing *Graham v. Connor*, 490 U.S. 386, 394, 104 L. Ed. 2d 443, 109 S. Ct. 1865 (1989); *Kernats v. O'Sullivan*, 35 F.3d 1171, 1175 (7th Cir. 1994)).

In his Amended Complaint, Plaintiff fails to state with specificity exactly which of his Constitutional rights were violated. Plaintiff merely makes a statement that there has been a violation of his Constitutional rights. This general language is not sufficient.

The validity of the claim must be judged by reference to the specific constitutional standard which governs that right. *Graham*, 490 U.S. at 394. *Spiegel v. Rabinovitz*, 121 F.3d 251, 254 (7th Cir. 1997). Without specific reference to a specific constitutional standard, defendants cannot properly respond to plaintiff's allegations.

Furthermore, Plaintiff failed to comply with Federal Rule of Civil Procedure 10(b) in filing his Amended Complaint. Under Federal Rule of Civil Procedure 10(b),

> All averments of claim or defense shall be made in numbered paragraphs, the contents of each of which shall be limited as far as practicable to a statement of a single set of circumstances; and a paragraph may be referred to by number in all succeeding pleadings. Each claim founded upon a separate transaction or occurrence and each defense other than denials shall be stated in a separate count or defense whenever a separation facilitates the clear presentation of the matters set forth.

Plaintiff's amended complaint does not have numbered paragraphs, it is basically one long paragraph which makes it very difficult for the defendants to answer the complaint. Even if the Defendants tried to separate Plaintiff's amended complaint on their own, it would be nearly impossible based on the fact that many of the sentences run together; defendants do not know where a number of the sentences start or end. Plaintiff's amended complaint consists of two pages which is one giant paragraph that goes back and forth between the two defendants and defendants who are no longer named parties. Plaintiff's amended complaint is very convoluted and it is hard to understand who is being accused of what.

On January 25, 2008, Plaintiff filed his Original Complaint which contained a section

entitled "Exhaustion of Administrative Remedies."  Plaintiff's Original Complaint was not served upon the Defendants and dismissed without prejudice by this Court on February 5, 2008.  Plaintiff's Amended Complaint, which was served upon the defendants, does not contain a section entitled "Exhaustion of Administrative Remedies.  Pursuant to *Pavey v. Conley* 2008 U.S. App. LEXIS 11963, after the defendants answer the complaint, the next inquiry by this Court is whether the Plaintiff has exhausted his administrative remedies, which is not a part of Plaintiff's Amended Complaint.  Plaintiff needs to file a complaint with a signed document of compliance with the Prisoner Litigation Reform Act attached.

     WHEREFORE defendants ask that plaintiff's Amended Complaint be stricken and that a more definite statement be filed with a signed document of compliance with the Prisoner Litigation Reform Act attached and any other relief as this Court deems just.

                                 Respectfully submitted,

                                 RICHARD A. DEVINE
                               State's Attorney of Cook County

By:        S/ Kevin Frey_____
             Kevin Frey
             Assistant State's Attorney
             500 Richard J. Daley Center
             Chicago, IL  60602
             (312) 603-6189